■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH FRANKLIN, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered July 17, 1986, convicting defendant, after a jury trial, of robbery in the second degree, attempted robbery in the second degree, and burglary in the third degree, and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 5 to 10 years and two terms of from 3½ to 7 years, respectively, unanimously affirmed.

Defendant and two accomplices entered a parking lot in Manhattan, distracted the parking lot attendant, and took a set of keys from a drawer inside the attendant's booth, and attempted to extort $15 from the attendant for the surrender of the keys. They then beat him and tried to steal money from his pants pocket. An employee of a delicatessen broke up the attack. Police officers arrived and arrested defendant and his accomplice, who were identified by the attendant as they stood together in front of a pizza shop near the scene.

While defendant contends that his guilt was not proven beyond a reasonable doubt, the weight of the evidence fully supports the jury's determination. The credibility of the victim's testimony was corroborated in crucial aspects by testimony of other witnesses. The acts of defendant and his accomplices clearly demonstrated that they were acting together. While there were several inconsistencies in the testimony, the differences were insignificant and were properly resolved by the jury. The convictions of defendant's codefendants have

been affirmed by this court. *(See, People v Taylor,* 143 AD2d 1072; *People v Nash,* 140 AD2d 1011.)

Defendant also raises several claims regarding the substitution of a sworn juror who was held to be unavailable, and identification testimony elicited by the prosecutor which allegedly violated *People v Trowbridge* (305 NY 471). These claims are unpreserved and we therefore do not reach them. (CPL 470.05 [2].) However, were we to reach these issues, in the interests of justice, we would, nonetheless, find them to be of no merit. The Trial Judge properly substituted the juror upon the unconditional consent of all the parties. Nor do we find that any bolstering occurred.

Given defendant's extensive criminal history, we do not find the sentence excessive. Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.